**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NIKI-ALEXANDER SHETTY, FKA Satish Shetty, <br><br>        Plaintiff-Appellant, <br><br>   v. <br><br> CWALT, INC.; et al., <br><br>        Defendants-Appellees. | No. 17-16807 <br><br> D.C. No. 5:17-cv-02980-LHK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Niki-Alexander Shetty, FKA Satish Shetty, appeals pro se from the district

court's judgment dismissing his action alleging state law claims related to

foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a dismissal for lack of subject matter jurisdiction. *Ass'n of Am.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).  We affirm.

The district court properly dismissed Shetty's action because Shetty failed to establish federal subject matter jurisdiction over his action alleging solely state law claims, and did not show that all defendants were citizens of a different state than Shetty.  *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."); *Ass'n of Am. Med. Colls.*, 217 F.3d at 778-79 (the party asserting jurisdiction bears the burden of establishing it).

The district court did not abuse its discretion in granting defendants' motions to dismiss without first holding a hearing.  *See* Fed. R. Civ. P.  78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Bank of New York Mellon's motion to take judicial notice (Docket Entry No. 18) is denied as unnecessary.

**AFFIRMED.**

17-16807